IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**June 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**LLOYD JOHNSON,**
**Claimant Below, Petitioner**

**vs.) No. 23-ICA-18**          (JCN: 2005041660)

**KANAWHA STONE COMPANY, INC.,**
**Employer Below, Respondent**

**and**

**WEST VIRGINIA OFFICES OF THE INSURANCE COMMISSIONER, in its
capacity as administrator of the Old Fund, Respondent**

**MEMORANDUM DECISION**

Petitioner Lloyd Johnson appeals the December 19, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Kanawha Stone Company, Inc. did not file a response. Respondent West Virginia Office of the Insurance Commissioner ("Old Fund") filed a timely response.[1] Petitioner filed a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order which denied Petitioner's request for an independent medical evaluation ("IME").

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's Order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 28, 2005, Mr. Johnson was injured in a work-related incident when he slipped and fell in mud, fracturing his right ankle and injuring his lower back. Mr. Johnson suffered a second work-related injury in 2011, when he fell off a stool and injured his lower back. Several issues were litigated over the course of several years, but, relevant to the instant appeal, Mr. Johnson underwent an independent medical evaluation ("IME") performed by Victoria Langa, M.D., in August of 2015. Mr. Johnson complained of lower back pain which radiated into his lower extremities, along with numbness and tingling. Dr.

---

[1] Mr. Johnson is represented by M. Jane Glauser, Esq. Old Fund is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

Langa attributed Mr. Johnson's symptoms to both his 2005 and 2011 injuries and recommended a whole person impairment ("WPI") rating of 4% for the 2005 injury and 4% for the 2011 injury, for a total of 8% WPI. In October of 2015, the claim administrator granted Mr. Johnson an 8% permanent partial disability ("PPD") award in accordance with Dr. Langa's recommendation.

Subsequently, Mr. Johnson received authorization from the claim administrator to obtain treatment for his compensable lumbar spine, including an L4-L5 laminectomy/discectomy. Although the Office of Judges ("OOJ") affirmed the claim administrator's order granting Mr. Johnson an 8% PPD award, the Board reversed the OOJ's order on July 6, 2017. The Board reasoned that Dr. Langa prematurely provided an impairment rating given that Mr. Johnson continued to receive treatment authorized in the claim following her IME. As such, the Board remanded the matter to the claim administrator with instructions to refer Mr. Johnson for a new IME once he had reached maximum medical improvement ("MMI"). Mr. Johnson's claim for temporary total disability ("TTD") benefits was also eventually reopened due to his new treatment and surgery.

Despite undergoing surgery, Mr. Johnson continued to have complaints of pain in his lower back, and his treating physician, John D. Lynch, M.D., recommended a trial spinal cord stimulator, which the claim administrator denied due to Mr. Johnson's failure to attend a second opinion IME. On February 8, 2019, the claim administrator informed Mr. Johnson that he would reach the statutory limit of 104 weeks of TTD benefits on February 12, 2019.[2] On June 18, 2019, the claim administrator closed the claim for PPD benefits. Mr. Johnson protested and, on September 19, 2019, the OOJ affirmed the claim administrator's finding that Mr. Johnson would not be entitled to TTD benefits beyond February 12, 2019. By order dated November 20, 2019, the OOJ reversed the claim administrator's order denying authorization for the trial spinal cord stimulator and remanded the matter with instructions to arrange a second opinion IME.

Richard Bowman, M.D., performed a record review on January 13, 2020. Dr. Bowman opined that a spinal cord stimulator was appropriate to treat Mr. Johnson's symptoms, but he recommended that Mr. Johnson first undergo work conditioning. On December 17, 2020, the OOJ reversed the claim administrator's prior June 18, 2020, order closing the claim for PPD benefits. The OOJ found that Mr. Johnson was still in the process of receiving a spinal cord stimulator implant, meaning that he had not yet reached MMI. Accordingly, the OOJ ordered the claim administrator to refer Mr. Johnson for a new IME for the purpose of determining PPD once he reached MMI. On May 17, 2021, Dr. Lynch,

_____

[2] West Virginia Code § 23-4-6(c) (2005) states, in part, that [a]n "aggregate award for a single injury for which an award of temporary total disability benefits is made on or after the effective date of the amendment and reenactment of this section in the year [2003] shall be for a period not exceeding one hundred four weeks. . . ."

requested authorization for an MRI given Mr. Johnson's ongoing symptoms. On June 11, 2021, Mr. Johnson returned to Dr. Lynch with the same complaints and Dr. Lynch reiterated his recommendation for a lumbar MRI. That same day, the claim administrator denied the request for an MRI.

By correspondence to the claim administrator dated February 1, 2022, Mr. Johnson, through counsel, requested a new IME based on the Board's July 6, 2017, order which remanded the matter to the claim administrator "for a new impairment rating when the claimant has reached maximum degree of medical improvement."

On April 1, 2022, the OOJ reversed the claim administrator's order denying authorization for an MRI. Then, on June 9, 2022, Mr. Johnson, through counsel, authored a second request for "an IME to determine medical status and PPD." Counsel again cited the Board's order instructing the claim administrator to refer Mr. Johnson for an IME once he reached MMI. On July 11, 2022, the claim administrator denied Mr. Johnson's request for an IME, stating that as of the last documentation from Dr. Lynch, dated February 2022, Mr. Johnson was not at MMI and required a lumbar MRI.[3] The claim administrator noted that no further updates or the MRI results had been provided; thus, there was no indication that Mr. Johnson had reached MMI and was ready for an IME. Mr. Johnson protested.

By order dated December 19, 2022, the Board affirmed the claim administrator's order denying Mr. Johnson's request for an IME. The Board found that Dr. Lynch's February 2022 responses to the claim administrator's request for information were the most recent medical evidence of record, and that it established that Mr. Johnson had not reached MMI and was not ready for PPD determination. The Board acknowledged Mr. Johnson's various arguments, including that Dr. Lynch's opinion was not current, that the claim administrator had failed in its role to monitor the case, that the claim administrator was required to refer Mr. Johnson for an IME pursuant to West Virginia Code § 23-4-7a(f) (2005), and that an IME could be used for purposes other than a PPD rating. However, the Board found that Mr. Johnson failed to submit any medical evidence to refute Dr. Lynch's opinion. Further, in arguing that he was entitled to an IME, Mr. Johnson relied upon the Board's July 6, 2017, order, which specifically instructed the claim administrator to refer Mr. Johnson for a "new impairment rating when [he had] reached maximum medical improvement." Because there was no indication that Mr. Johnson had reached MMI, the claim administrator's order denying the request for a new IME was consistent with the Board's prior order. Lastly, to the extent Mr. Johnson argued that there were other purposes for an IME other than an impairment rating, the Board found that Mr. Johnson's "request for an IME was made pursuant to the [Board's] order of July 6, 2017, and the [Board's] order was limited to the issue of PPD." Mr. Johnson now appeals.

---

[3] The February 2022 documentation consists of Dr. Lynch's brief, handwritten responses to the claim administrator's request for additional information regarding Mr. Johnson's status and requested treatment.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Johnson argues that the Board erred in affirming the claim administrator's order denying his requests for an IME. According to Mr. Johnson, the Board erred in basing its decision solely on the fact that Mr. Johnson had not reached MMI and was not yet entitled to an impairment rating. Mr. Johnson argues that an IME has multiple purposes, including consideration of medical status and treatment. Mr. Johnson further argues that the Board's decision was erroneous when the statutory and regulatory provisions are read *in pari materia*. Mr. Johnson claims that there are multiple statutory purposes for an IME, then simply lists three statutes and a section of the West Virginia Code of State Rules without further analysis.

Upon review, we find that Mr. Johnson is entitled to no relief. First, we find that the Board did not err in affirming the claim administrator's order on the basis that Mr. Johnson had not reached MMI. While Mr. Johnson attempts to argue that his requests for an IME went beyond a request for an impairment rating, the two requests sent by his counsel clearly cite to the Board's July 6, 2017, order, which only pertained to a PPD award and remanded the matter to the claim administrator with instructions to send Mr. Johnson for an IME for the purpose of an impairment rating after he had reached MMI. To date, no evidence has been submitted that Mr. Johnson has reached MMI and is entitled to an impairment rating. Indeed, the last documentation submitted from Mr. Johnson's treating physician, Dr.

4

Lynch, informed the claim administrator that Mr. Johnson had not yet reached MMI and that he required an MRI.[4]

In addition to the Board's July 6, 2017, order, Mr. Johnson also cited to West Virginia Code § 23-4-16(b) (2005) in support of his requests for an IME. However, this statute (especially the bolded, italicized, and underlined portion quoted by Mr. Johnson's counsel in the request) deals squarely with an "application for a further award of permanent partial disability benefits or for an award of permanent partial disability benefits." Accordingly, Mr. Johnson's attempt to argue that his request for an IME was based on other purposes, simply because he vaguely referenced "medical status," is not credible. We find no error in the Board's decision to deny Mr. Johnson an IME on the sole basis that he had not yet reached MMI when Mr. Johnson's requests for an IME cited a prior order and a statute dealing exclusively with PPD awards.

Second, we find no error in the Board's alleged failure to review the requests and applicable statutes and regulations *in pari materia*. We do not dispute Mr. Johnson's statement that an IME can have purposes other than an impairment rating determination. However, we do take issue with Mr. Johnson's complete failure to explain why or for what purpose he needs an IME. Mr. Johnson's brief on appeal simply argues in the abstract that IMEs can be for purposes apart from impairment ratings, but completely fails to explain why he needs one. Mr. Johnson cannot simply state IMEs are for multiple purposes without establishing a specific purpose for his request. Critically, he has presented no evidence establishing that he needs an IME for *any* purpose. In his brief on appeal, Mr. Johnson simply states the Board should have reviewed the applicable statutes and regulations *in pari materia*, then quotes three statutes and the West Virginia Code of State Rules without providing any analysis as to how these authorities support his claims. This falls short of complying with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, as he has failed to provide support for his skeletal arguments. As the Supreme Court of Appeals has previously stated, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . ." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (citation omitted). As such, we find no error given Mr. Johnson's vague and unsupported requests.

Lastly, to the extent that Mr. Johnson's argument can somehow be interpreted as stating that he needs additional medical treatment or an update on his condition, we note that those responsibilities fall to his treating physician. *See* W. Va. Code R. § 85-20-6. If

---

[4] Mr. Johnson also seems to take issue with the sufficiency of Dr. Lynch's responses to the claim administrator's request for information. However, we note that the claim administrator requested the information and was apparently satisfied with Dr. Lynch's answer. That Mr. Johnson was not satisfied is without merit, and he provided no medical evidence to refute Dr. Lynch's opinion.

Mr. Johnson is seeking a referral for a consultation, he may send a request to the claim administrator, citing a clear basis for the request. Simply put, an IME is not automatically required for these purposes.

In sum, given that Mr. Johnson has failed to establish his need for an IME for any purpose, we find no error in the Board's decision denying his request for an IME. Accordingly, we affirm the Board's December 19, 2022, order.

Affirmed.

**ISSUED:** June 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, not participating